THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHSSINE KERROU, | CASE NO. C21-5408-JCC |
| Plaintiff, | ORDER |
| v. | |
| JUDGE JAMES A. BONIFANT, MAGISTRATE BIBI M. BERRY, and CSA AGENT GOLDIS FARHADI, | |
| Defendants. | |

This matter comes before the Court *sua sponte*. On June 9, 2021, the Honorable David W. Christel, United States Magistrate Judge, granted Plaintiff Mohssine Kerrou's motion to proceed *in forma pauperis* and recommended the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) prior to issuing a summons. (Dkt. No. 3.)

Plaintiff brings suit against Judge James Bonifant, Magistrate Bibi Berry, and Goldis Farhadi from the Maryland Office of Child Support under 42 U.S.C. § 1983 based on alleged violations of numerous federal statutes and constitutional provisions. (Dkt. No. 4 at 1–2, 8, 10.) Plaintiff alleges he is being deprived of his federal rights in an ongoing state court proceeding before Judge Bonifant. (*Id.* at 1.) While Plaintiff's factual allegations are not entirely clear, it appears that the state proceedings relate to the enforcement of child support obligations, and that Plaintiff believes his Veterans Affairs (VA) disability benefits are being improperly imputed as

income for the purposes of child support and illegally assigned in violation of federal law. (*See id.* at 1, 5–7, 12.) Among other things, Plaintiff alleges that he asked Judge Bonifant to take judicial notice "of the indisputable fact of Plaintiff's Disability and the Complete Federal Preemption . . . which make . . . Veterans Benefits totally exempt from assignment and totally exempt from state jurisdiction," but "Judge Bonifant has not accepted that as fact." (*Id.* at 8.) Plaintiff seeks declaratory relief, asking the Court to hold that "Plaintiff cannot be held in contempt to enforce an illegal assignment of VA benefits or fraud by the use of imputed income." (*Id.* at 11.)

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous for section 1915 purposes when there is no subject matter jurisdiction. *See Castillo v. Marshall*, 107 F.3d 15, 15 (9th Cir. 1997). The Court also has an independent obligation to address whether it has subject matter jurisdiction over a lawsuit. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The Court liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

The Court cannot exercise subject matter jurisdiction over Plaintiff's lawsuit. The Supreme Court has identified a strong public policy against federal intervention in pending state judicial proceedings in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). *Younger* directs federal courts to abstain from exercising jurisdiction over claims for injunctive or declaratory relief that would interfere with certain pending state proceedings. *Gilbertson*, at 381 F.3d at 968.

Specifically, *Younger* abstention is appropriate when (1) a state court proceeding is

ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves. *City of San Jose*, 546 F.3d at 1091. Except in the case of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," district courts must abstain if the elements of the *Younger* abstention doctrine are satisfied. *Id.* at 1092 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

*Younger* abstention is warranted in this case. First, Plaintiff's claims involve an ongoing state child support enforcement proceeding. Second, the child support proceedings involve the state's important interest in enforcing child support orders and collecting child support payments. *See Agustin v. Cnty. of Alameda*, 234 F. App'x 521, slip op. at 1 (9th Cir. 2007) (holding that, for the purposes of *Younger* abstention, a state court action to collect child support payments "implicate[s] important state interests"); *Knight v. Maleng*, 2 F. App'x 833, 834 (9th Cir. 2001) (same). Third, Plaintiff does not suggest that state court procedures prevent him from raising his federal challenges in the state proceeding. Fourth, Plaintiff is asking the Court to declare that the state court cannot hold him in contempt—an action that would directly interfere with the state case in a way that *Younger* abstention counsels against. *Younger*, 401 U.S. 37, 43–45. Finally, Plaintiff's allegations do not give rise to an inference of bad faith, harassment, or any other extraordinary circumstance that would render abstention inappropriate.

Accordingly, the Court DECLINES to exercise subject matter jurisdiction over Plaintiff's claims and DISMISSES Plaintiff's complaint without prejudice.[1] The court DENIES Plaintiff's

---

[1] Plaintiff's complaint is also subject to dismissal for improper venue. Plaintiff must bring this action in "(1) a judicial district where any defendant resides, if all defendants are residents of the [same state]; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). It appears from the

ORDER
C21-5408-JCC
PAGE - 3

motion to add defendants and for declaratory judgment (Dkt. No. 2) as moot. The Clerk is DIRECTED to close this case and send Plaintiff a copy of this order.

DATED this 22nd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

complaint that the state child support action is ongoing in Maryland, all defendants reside there, and no defendant is alleged to have contacts with this district. (Dkt. No. 1 at 2.)